### THOMAS J. GLADWELL V. ELIZABETH HUME ET AL.

1. RULE APPLICABLE TO PLEADING CONTRACTS.

Where a contract is required to be in writing the petition need not state affirmatively that it is in writing. A different rule is applicable to the answer.

2. EQUITY WILL RESTRAIN A PARTY FROM PROSECUTING A PROCEEDING IN A COURT OF LAW. WHEN—

A court of equity will require a strong case to be made out requiring its interference before it will restrain a party from prosecuting a claim by regular and ordinary procedure in a court of law.

3. JURISDICTION OF THE COURT OF COMMON PLEAS OVER AN ACTION INVOLVING THE SAME ISSUES SUBSEQUENTLY COMMENCED BEFORE A JUSTICE OF THE PEACE.

The mere pendency in the court of common pleas of an action to quiet title, the petition in which contains a prayer for a temporary restraining order to enjoin the defendants from in any manner or form, interfering with plaintiff in the use of the premises in question until the final trial of the case and that the injunction may be made perpetual, (it nowhere appearing that any application was brought to the attention of the court for a temporary restraining order, or that any restraining order was granted in the case), does not draw to to the court of common pleas exclusive jurisdiction over all questions respecting the rights of the parties in and to such premises, and the effect of the pendency of such action is not so far reaching but that a proceeding of forcible entry and detainer to determine the possessory right of the parties may be subsequently brought before a justice of the peace by the defendant in the action to quiet title.

ERROR to the Court of Common Pleas of Lucas county.

PARKER, J.

This is a proceeding brought to reverse a judgment of the court of common pleas affirming a judgment in an action of forcible detainer rendered by a justice of the peace of this county.

On July 10, 1898, Elizabeth Hume and others, as the owners of certain real estate in this city—business property—instituted an action in forcible detainer against Thomas J. Gladwell, the plaintiff in error here, before a justice of the peace of this county. They set forth in the complaint that the defendant is unlawfully withholding from them the possession of these premises, and has been so unlawfully withholding the possession of the same since January 1, 1897. The defendant was duly served with process. He also appeared by his attorney before the justice of the peace and filed what he denominates a "bill of particulars and counterclaim," in which he expressly states that he challenges the jurisdiction of the court over his person and over the subject-matter, and that he does this upon the ground that an action has been instituted by him in the court of common pleas prior to the beginning of this proceeding before the justice, in which all the questions involved in the forcible detainer case are involved, and in which the judgment of the court of common pleas will be final and conclusive upon the rights of the parties, and that, therefore, the justice should not and had no right to entertain jurisdiction of the proceeding in forcible detainer. First he made a motion to dismiss, which was overruled. The justice proceeded to hear the evidence adduced on behalf of the complainants, and from the bill of exceptions which is brought before us it appears that the complainants made out a *prima facie* case upon which they were entitled to have judgment in their favor. The defendant in the case, Gladwell, declined to enter into a contest or inquiry as to the merits of the controversy over his right to hold the premises, but then relied and now relies solely upon the proposition that because he has instituted his action in the court of common pleas, the inquiry before the justice of the peace should come to and end, or at least should be suspended until the close of the case in the court of common pleas.

After the defendant had closed his case on the evidence witnesses were put upon the stand by the defendant, and through their examination the fact that the other action was pending in the court of common pleas was made to appear. It was made to appear that the petition referred to was filed in the court of common pleas a few days before the institutition of the proceeding before the justice, and that summons had been served upon the defendants, who were the complainants before the justice, before the institution of the action pending before the justice. The petition which it is claimed on behalf of Gladwell, plaintiff in error, has the effect of suspending the proceeding before the justice, if not ousting the justice entirely of his jurisdiction, sets forth that Elizabeth Holcomb and others, who were the complainants before the justice, and other persons who were not parties to the action before the justice, were the owners of the premises which Gladwell was occupying, but that about the last week of December, 1893, the plaintiff Gladwell entered into a contract and lease with one Horace Holcomb, (who was then the owner of these premises, and from whom the defendant Elizabeth Holcomb and the others derive their title and right), by the terms and conditions of which Gladwell was to have the use and occupation of said store room and premises for the period of ten years from and after January 1, 1894, at an annual rental of $360 per year, payable

Gladwell v. Hume et al.

in equal monthly installments in advance for each month; that he entered into possession of these premises under that contract of lease, that he has ever since occupied the premises, that he has paid the rent as provided in the lease, except for the year 1897; that he has held himself ready to pay the rental for that year, and offered to pay it, but that his landlords, the complainants before the justice, decline to accept the rent; that his term has not expired and that he has a right to occupy the premises; but that they by their speeches and conduct are denying his right and threatening to institute proceedings to oust him from the possession of the premises. He sets forth many facts indicating that it would be very inconvenient for him to give up the possession of these premises just at this time, and he prays that the judgment and decree of the court may quiet him in his title in and to said premises for and during the remaineder of said term. The petition also contains a prayer for a temporary order restraining the defendants and each of them from in any manner or form interfering with him in the use of the premises until the final trial of the case, and that the injunction may be made perpetual. But it does not appear that any application was brought to the attention of the court for a temporary restraining order, or that any restraining order was granted in the case.

Judgment was rendered by the justice of the peace for the complainants, and a writ of restitution was ordered. Upon that Gladwell prosecuted error, as I have stated, in the court of common pleas, where the judgment of the justice was affirmed, and he now brings his case here for the judgment of this court.

The question as we view it, is: Does the mere pendency of this case stated in the petition of Gladwell draw to the court of common pleas exclusive jurisdiction over all questions respecting the rights of the parties in and to theses premises, and is the effect so far reaching that the proceeding to determine the possessory rights of the parties may not be prosecuted before a justice of the peace?

No reason is stated in the petition why Gladwell might not maintain defensively his right to possession in any tribunal or in any form of action—such as that the lease rested in parole, and could not be enforced in a court of law; or that it required reformation, or anything else calling for the interposition of the court of equity to prevent parties from prosecuting an action at law to recover possession of the premises. The petition does not say whether this ten-year lease is in writing or rests in parol. But the rule applicable to pleadings, is that where a contract is required by the statutes of fraud to be in writing the petition need not state affirmatively that it is in writing. A different rule is applicable to the answer. But even if it rests in parol there is perhaps enough stated in the petition to indicate a right to hold under it, it being alleged that possession was taken in pursuance of it.

Whether if the petition stated that Gladwell's right was an equitable right that he could not avail himself of in a court of law, it would be sufficient to justify the interposition of a court of equity in such a proceeding as that pending before the justice of the peace, may be a questioned. It has been held by this court, in Dennis v. Hensen, 5 Ohio Circ. Dec., 465, that one may in an action of forcible detainer make use of an equitable title defensively.

9  O.  C.  D.   49

There is no allegation in the petition of vexatious suits being prosecuted to oust the tenant from his possession, and, as I have said, no restraining order is applied for, except as the prayer of the petition is for such order. It is claimed by the plaintiff in error that the mere filing of the petition and the pendency of the suit gives the court of common pleas exclusive jurisdiction over all questions to be determined in the forcible detainer suit, so that all questions as to the right of Gladwell to maintain the action and to obtain a restraining order therein may be laid aside. It may be remarked, however, that a court of equity will require a strong case to be made out requiring its interference before it will restrain a party from prosecuting a claim by regular and ordinary procedure in a court of law.

A large number of authorities are cited by counsel for plaintiff in error in support of the proposition that a court having acquired jurisdiction has a right to go on until it has performed its office in reference to the subject-matter in litigation, and will not allow itself to be ousted of jurisdiction, or permit things in litigation to be arrested from it so that it cannot execute its judgment. We find on examination of these authorities that they are applicable generally, if not exclusively, to proceedings *in rem*, and not to action in *personam* of the character of this presented to us. Conceding that the judgment in the action to quiet title would cover and dispose of the rights sought to be determined in the action of forcible detainer, still it does not appear to us that there is a case presented for an application of the doctrine invoked, since it does not appear that the court of common pleas has been prevented from proceeding in the case there pending, or that it has been resisted in attempting to restrain parties from proceeding in another tribunal. The question here is not as to the effect of the proceedings of the justice of the peace upon the case in the court of common pleas, but whether the pendency of the case in the latter court renders nugatory and ineffective the proceedings before the justice of the peace. But it is urged that upon its being made to appear before the justice of the peace that another action was pending between the same parties to determine the same questions as to the same subject-matter, and upon objection being made to the further prosecution of the suit before the justice of the peace, it became the duty of the justice to dismiss that case, or at least to stay proceedings therein, and not proceed to trial and judgment, and that in disregarding this objection and proceeding to judgment the justice erred. Waiving all questions as to the identity of the parties (there being additional parties in the action to quiet title), we come directly to the important question whether the cases, in the facts upon which relief is to be granted, and the form of relief that may be granted, are so far identical that the pendency of one should abate the prosecution of the other.

Would a judgment in the proceeding before the justice of the peace be available under a plea of *res judicata* set up by either party in the action to quiet title? Independent of the statute providing that judgments in forcible entry and detainer shall not be a bar to any after action brought by either party, we are clear that a negative answer must be given to this inquiry. And we deem this a fair and conclusive test of the whole question, though it does not follow that an affirmative answer would be conclusive. Manifestly, an answer to the petition in the action to quiet title that at a certain date in an action to determine the right of possession at that time it was determined by a justice of the peace

that the defendants were entitled to the possession of the premises, would be no defense at all. It has been suggested that the landlord's right to the possession of these premises might be determined in the action to quiet title, and that if determined in his favor they might have the same relief that they seek in the action before the justice of the peace. If that were true, it does not follow that they must seek their remedy in the forum chosen by their adversary. But is it true? We think not. While in an action for the recovery of real property the defendant may avail himself of all defenses, setoffs or counterclaims, legal or equitable, we do not understand that upon an action to quiet title, which is purely equitable, triable to the court without a jury, an action of ejectment may be engrafted by the answer—an action triable to a jury. But, even if this could be done, there may be many reasons why the defendants would prefer the summary remedy of forcible detainer given them by the statute—many reasons why it would be for them a more speedy and effective remedy; and we are clear that they cannot be deprived of their remedy, or of an opportunity to pursue it, by any action upon the part of the tenant short of the obtaining of an injunction on sufficient equitable grounds restraining them from thus proceeding. It may be remarked that even now, as it appears that the action to quiet title is pending in the court of common pleas, if there is any ground for the interposition of a court of equity on behalf of the plaintiff in error he may proceed in that court, (the judgment of forcible detainer not having been executed), to obtain an injunction restraining the execution of that judgment.

For the reasons stated the judgment of the court of common pleas and of the justice will be affirmed.

It has been suggested to us that this is a case in which the penalty ought to be imposed upon the plaintiff in error, or that attorney fees should be allowed to the defendant in error or his counsel. Without intimating an opinion as to whether this is a case in which it should be done if authorized by law, we have simply to say that we find no authority in this court for an order of that kind.

*A. W. Eckert*, for plaintiff in error.

*G. H. Beckwith* and *U. G. Denman*, for defendant in error.